IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

GLYNIS BETHEL,                          :

    Petitioner,                     :

vs.                                     :      CA 11-0349-KD-C

JUDGE MICHELLE M. THOMASON,             :
et al.,
                                        :
    Respondents.

## REPORT AND RECOMMENDATION

Glynis Bethel, at present a free citizen who stands convicted by the District Court of Baldwin County, Alabama of three misdemeanor offenses, filed her complaint for habeas corpus relief pursuant to 28 U.S.C. § 2254 on June 30, 2011.[1] This matter has been

---

[1] Although Bethel also cites to 28 U.S.C. § 2255 for relief, she cannot avail herself of this statutory remedy because § 2255 is reserved for individuals in federal custody and she is attacking misdemeanors convictions from the State of Alabama. Therefore, her sole available remedy is § 2254 which provides, in relevant part, that "[t]he Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied). While there may very well be some question about whether Bethel is presently "in custody," the undersigned sees no reason to get into a lengthy discussion of this issue both because the Supreme Court has long held that "'the use of habeas corpus has not been restricted to situations in which the applicant is in actual, physical custody[,]'" *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 300, 104 S.Ct. 1805, 1809, 80 L.Ed.2d 311 (1984), quoting *Jones v. Cunningham*, 371 U.S. 236, 239, 83 S.Ct. 373, 375, 9 L.Ed.2d 285 (1963), and

1

referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). It is recommended that the instant petition be dismissed without prejudice to allow Bethel the opportunity to exhaust his state remedies.

### **FINDINGS OF FACT**

1. On February 18, 2010, Bethel was convicted in the District Court of Baldwin County of three misdemeanor offenses: disorderly conduct, Ala.Code § 13A-11-7(b) ("Disorderly conduct is a Class C misdemeanor."); criminal coercion, Ala.Code § 13A-6-25(b) ("Criminal coercion is a Class A misdemeanor."); and obstructing governmental operations, Ala.Code § 13A-10-2(c) ("Obstructing governmental operations is a Class A misdemeanor."). (*See* Doc. 1, at 2.) In accordance with Alabama law, the charges against Bethel were tried by a district judge without a jury. Ala.Code § 12-12-3 ("All cases in the district court shall be tried by the judge, who shall determine all issues of law and fact without a jury.").

2. The face of Bethel's habeas corpus petition filed in this Court reflects her

---

because it is the decision of the undersigned that Bethel has not exhausted all available state court remedies to have her misdemeanor convictions set aside, *cf. Lydon, supra,* 466 U.S. at 301 & 301-302, 104 S.Ct. at 1810 ("'Finally, we emphasize that our decision does not open the doors of the district courts to the habeas corpus petitions of all persons released on bail or on their own recognizance. . . . Where a state defendant is released on bail or on his own recognizance pending trial or pending appeal, he must still contend with the requirements of the exhaustion doctrine of he seeks habeas relief in the federal courts. Nothing in today's opinion alters the application of that doctrine to such a defendant.'").

2

allegations that following the appeal of her district court convictions to the Alabama Court of Criminal Appeals, the appellate court unconstitutionally dismissed her appeal and also unconstitutionally ordered a trial *de novo* in the Circuit Court of Baldwin County, Alabama. (*See* Doc. 1, at 3.) Indeed, Bethel attached as exhibits to her habeas petition two identical certificates of final judgment issued by the Alabama Court of Criminal Appeals, one on August 20, 2010 and the other on December 10, 2010, same reading, in relevant part, as follows: "**Appeal Dismissed. Case is Remanded to Circuit Court for a trial de novo.**" (Doc. 1, Exhibits C & D.)

3. In her petition filed in this Court, Bethel appears to be asserting the following claims: (1) she was deprived of her Sixth Amendment right to a jury trial; (2) there was no warrant was issued in violation of the Fourth Amendment; (3) authorities conducted an unreasonable search and seizure in violation of the Fourth Amendment; (4) the appellate court's order remanding her cases to the Circuit Court of Baldwin County, Alabama for a trial *de novo* violates the proscription against double jeopardy as set forth in the Fifth Amendment; and (5) she was illegally convicted of false charges in violation of the Fifth Amendment. (*See id*. at 6.)

4. Bethel chose to file an appeal with the Alabama Court of Appeals, as outlined above, rather than take an appeal to the Circuit Court of Baldwin County, Alabama despite her knowledge that this was the proper procedure. *See Bethel v. Yetter*, CA 06-0605-KD-C, Doc. 11, at 2-3 ("The following day, September 16, 2005, Bethel

executed four separate notices of appeal to the Circuit Court of Baldwin County, Alabama, therein demanding trial by jury."). Section 12-12-71 of the Alabama Code clearly provides that "all appeals from final judgments of the district court ***shall*** be to the circuit court for trial de novo." *Id*. (emphasis supplied); *see also* Ala.Code § 12-11-30(3) ("The circuit court shall have appellate jurisdiction of civil, criminal, and juvenile cases in district court and prosecutions for ordinance violations in municipal courts, except in cases in which direct appeal to the Courts of Civil or Criminal Appeals is provided by law or rule. Appeals to the circuit court shall be tried de novo, with or without a jury, as provided by law."); Ala.R.Crim.P. 18.1(a) ("Defendants in all criminal cases shall have the right to be tried by a jury. In cases triable in the first instance in district or municipal courts, the defendant shall have the right to trial by jury only on demand upon appeal to the circuit court for trial de novo as provided by in Rule 30.1."); Ala.R.Crim.P. 30.1(a) ("A defendant convicted of an offense in a municipal court or a district court shall have the right to appeal the judgment, within fourteen (14) days of the date of the judgment or the denial of a timely filed post-judgment motion, to the circuit court for a trial de novo."). Accordingly, the action of the Alabama Court of Criminal Appeals in dismissing Bethel's appeal and remanding same for a trial *de novo* in the Circuit Court of Baldwin County, Alabama should have come as no surprise to Bethel especially since she nowhere cites to any authority establishing that direct appeal to the Court of Criminal Appeals was provided by law or rule. Yet and still, Bethel contends that she

4

"has exhausted the remedies in state court & refuses to be subjected to Double Jeopardy or a second trial on the same charges as illegally being forced upon [her.]" (Doc. 1, at 1.)

## **CONCLUSIONS OF LAW**

1. A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

2. A claim for federal habeas corpus relief is not exhausted so long as a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). "Section 2254(c) requires only that state [petitioners] give state courts a *fair* opportunity to act on their claims." *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999) (emphasis in original; citations omitted). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state [petitioners] must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id*. at 845, 119

S.Ct. at 1732; *see Heck v. Humphrey*, 512 U.S. 477, 480-481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("The federal habeas corpus statute . . . requires that state [petitioners] first seek redress in a state forum."); *Preiser v. Rodriguez*, 411 U.S. 475, 477, 93 S.Ct. 1827, 1830, 36 L.Ed.2d 439 (1973) ("If . . . habeas corpus is the exclusive federal remedy . . ., then a [petitioner] cannot seek the intervention of a federal court until he has first sought and been denied relief in the state courts, if a state remedy is available and adequate.").

3. A habeas claim is deemed to be exhausted when "it is fair to assume that further state proceedings would be useless." *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989). This standard is met when the precise issue raised in a habeas petition has been "fairly presented" to the state's highest court. *See id*. (citation omitted). The exhaustion requirement is not met "where the claim has been presented for the first and only time in a procedural context in which the merits will not be considered unless 'there are special and important reasons therefor[.]'" *Id*. (citation omitted). If the claims raised in a federal habeas corpus petition have not been exhausted, the petition should be dismissed. *See Anderson v. Harless*, 459 U.S. 4, 6 & 7-8, 103 S.Ct. 276, 277 & 278, 74 L.Ed.2d 3 (1982). Each and every claim raised in the petition must be exhausted to the state's highest court and it is the petitioner's burden to show that all claims have been fairly presented to that court. *See Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982) ("[O]ur interpretation of §§ 2254(b), (c) provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure

6

that you first have taken each one to state court."); *Morales v. Shannon*, 2007 WL 1877977, *3 (E.D. Pa. 2007) ("A petitioner must exhaust state remedies as to each of his federal claims."); *United States ex rel. Quezada v. Uchtman*, 2006 WL 3341200, *2 (N.D. Ill. 2006) ("[T]he petitioner must properly assert each claim at each and every level in the state court system, either on direct appeal of his conviction or in post-conviction proceedings.").

4. The exhaustion requirement is excused if "there is either an absence of available State corrective process[] or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i) & (ii). A failure to exhaust has been excused where, because of prior rulings, resort to the state courts would be futile. *See Allen v. State of Alabama*, 728 F.2d 1384, 1387 (11th Cir. 1984). Exhaustion has also been excused where the state has unreasonably delayed in acting on the petitioner's efforts to invoke state remedies or fails to address the petition without explanation. *See, e.g., Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) ("A federal *habeas* petitioner need not wait until his state petitions for relief are exhausted, if the state court has unreasonably or without explanation failed to address petitions for relief."), *cert. denied*, 503 U.S. 938, 112 S.Ct. 1478, 117 L.Ed.2d 621 (1992); *Cook v. Florida Parole & Probation Comm'n*, 749 F.2d 678, 679 (11th Cir. 1985) ("State remedies will be found ineffective and a federal habeas petitioner will be excused from exhausting them in the case of unreasonable, unexplained state delays in acting on the petitioner's motion for

7

state relief."). Finally, other special or exceptional circumstances may also excuse exhaustion. *See, e.g., Clarke v. Grimes*, 374 F.2d 550, 551 (5th Cir. 1967) ("It is true that under *Fay v. Noia*, the federal trial court has broad discretion to hear a habeas corpus petition though state remedies have not been exhausted, if there are circumstances which demand relief to protect the rights of the prisoner.").

5. In this case, it is all too clear that Bethel has not exhausted her state remedies inasmuch as she has the absolute right to appeal her misdemeanor convictions following the trial *de novo* in the Baldwin County Circuit Court. *See, e.g., Hand v. State*, 873 So.2d 255, 256 (Ala.Crim.App. 2003) ("The appellant was convicted in the Mobile District Court of failing to deliver a certificate of title to his transferee with[in] 10 days, a violation of § 32-8-13(3), Ala.Code 1975. He appealed his conviction to the Mobile Circuit Court for trial de novo, and he was again convicted of failing to deliver a certificate of title to his transferee within 10 days. The circuit court sentenced him to serve a term of 3 months in the county jail. The appellant did not file any post-judgment motions. ***This appeal followed***." (emphasis supplied)); *Lockett v. City of Montgomery*, 677 So.2d 799 (Ala.Crim.App. 1995) ("The ***appellant***, George Lockett, ***appeals*** from his conviction in the ***circuit court*** for harassment, a violation of § 13A-11-8(a), Code of Alabama 1975." (emphasis supplied)).[2] However, never one to want to follow state procedure and

---

[2] Moreover, Bethel can certainly collaterally attack her convictions and sentences following direct review via Rule 32 of the Alabama Rules of Criminal Procedure .

8

available remedies, *see Bethel v. Yetter, supra,* Bethel wants this Court to intervene, arguing that she was denied her constitutional right to a jury trial in the Baldwin County District Court and, moreover, that she will be twice place in jeopardy of life and limb with a *de novo* proceeding in the Circuit Court of Baldwin County, Alabama. (Doc. 1.) Beyond making the observation that these are the very type issues that should be fully exhausted by Bethel in the state courts of Alabama, the undersigned would simply note that such contentions have been resoundingly rejected by the Supreme Court. Some thirty-five (35) years ago in *Ludwig v. Massachusetts*, 427 U.S. 618, 624-632, 96 S.Ct. 2781, 2785-2788, 49 L.Ed.2d 732 (1976), the Supreme Court upheld the "two-tier" system of trial courts in the Commonwealth of Massachusetts, same being all but identical to Alabama's two-tier system, against a defendant's arguments that the Constitutional right to trial by jury requires that a defendant be permitted to exercise that right at the first trial in the lower tier and that such system violates the Double Jeopardy Clause of the Fifth Amendment made applicable to the States by the Fourteenth Amendment. With respect to the first issue, the Supreme Court found that "Massachusetts absolutely guarantees trial by jury to persons accused of serious crimes, and the manner it has specified for exercising this right is fair and not unduly burdensome." *Id*. at 630, 96 S.Ct. at 2788. The "manner" to which the court spoke to was Massachusetts allowance of trial by jury upon proper request at the second tier of the Massachusetts system, *id*. at 625-626, 96 S.Ct. at 2785-2786, which is precisely the system Alabama employs, *see, e.g.,*

*Coughlin v. City of Birmingham*, 701 So.2d 830, 831 (Ala.Crim.App. 1997) ("Rule 18.1(a), Ala.R.Crim.P., provides: 'Defendants in all criminal cases shall have the right to be tried by a jury. In cases triable in the first instance in the district or municipal courts, the defendant shall have the right to trial by jury only on demand upon appeal to the circuit court for trial de novo as provided in Rule 30.1.'"). The Supreme Court also held that there was "no double jeopardy violation posed by the Massachusetts system." *Ludwig, supra,* 427 U.S. at 631, 96 S.Ct. at 2788.

> [T]he argument appears to be that because the appellant has been placed once in jeopardy and convicted, the State may not retry him when he informs the trial court of his decision to "appeal" and to secure a trial *de novo*.
>
> Appellant's argument is without substance. The decision to secure a new trial rests with the accused alone.³ A defendant who elects to be tried *de novo* in Massachusetts is in no different position than is a convicted defendant who successfully appeals on the basis of the trial record and gains a reversal of his conviction and a remand of his case for a new trial. Under these circumstances, it has long been clear that the State may reprosecute. The only difference between an appeal on the record and an appeal resulting automatically in a new trial is that a convicted defendant in Massachusetts may obtain a "reversal" and a new trial without assignment of error in the proceedings at his first trial. ***Nothing in the Double Jeopardy Clause prohibits a State from affording a defendant two opportunities to avoid conviction and secure an acquittal.***

*Id*. at 631-632, 96 S.Ct. at 2788-2789 (internal citation omitted; footnote and emphasis added). Nevertheless, if Bethel still desires to challenge the constitutionality of

---

³ Bethel cannot be heard to argue that she did not request a trial *de novo* because if that is her stance then she can go no further with her attack and must abide by her convictions and sentences from the district court.

10

Alabama's two-tier system she may do so by exhausting her state remedies, following the trial *de novo*, and thereby give all of Alabama's state courts one full opportunity to resolve the constitutional issues she has raised in the instant petition.

6. Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of her habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claims, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition

should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as Bethel has not exhausted her claims in the state courts of Alabama and this Court must dismiss all of her constitutional claims to allow her to return to state court to exhaust her state remedies as to these unexhausted claims, *see Jimenez v. Florida Dept. of Corrections*, 481 F.3d 1337, 1342 (11th Cir.) ("If a petitioner has not exhausted all claims in a petition, a federal court must dismiss without prejudice both exhausted and unexhausted claims to allow petitioners to return to state court to exhaust state remedies for all claims."), *cert. denied sub nom. Jimenez v. McDonough*, 552 U.S. 1029, 128 S.Ct. 628, 169 L.Ed.2d 405 (2007), a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Bethel should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

7. Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *See, e.g., Griffin v. DeRosa*, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20,

2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## **CONCLUSION**

The Magistrate Judge recommends that Glynis Bethel's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed, without prejudice, to allow her the opportunity to fully exhaust her state court remedies. Bethel is not entitled to a certificate of appealability and, therefore, she is not entitled to appeal *in forma pauperis*.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 15th day of July, 2011.

  s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.   Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to  do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[4]      Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).